(No. 3600—

CHARLES EGGLER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 9, 1943.*

*Rehearing denied April 15, 1943.*

A. R. IVENS, for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

FISHER, J.

Complaint was filed on March 27, 1941, in which claimant, Charles Eggler, states that he was injured on September 24, 1940, while he was engaged in unloading bags of material of the approximate weight of 100 pounds each from cars to trucks; that in lifting said bags he sustained an injury to his back. Claimant further alleges that respondent furnished no medical, surgical or hospital treatment. That he earned Fifty Cents ($.50) an hour. That he has one daughter who was 13 years of age at the time of the accident.

Claimant seeks to recover for first aid and all necessary medical care and attention; $$11.00 per week for temporary total disability since September 24, 1940; $11.00 per week for a period of eight (8) years for permanent partial disability; also a pension.

The record in this case consists of the complaint; report of the Division of Highways; transcripts of the evidence taken on September 5, 1941, October 23, 1941, February 2, 1942, and March 30, 1942; statement, brief and argument; supplemental statement, brief and argument; reply brief and argument filed by claimant; and statement, brief and argument filed by respondent.

Claimant, Charles Eggler, was employed by the State and is within the provisions of the Workmen's Compensation Act.

The accident occurred on September 24, 1940. Claimant's foreman had notice of the accident on the date it occurred and claimant's daughter came to the Supervisor of Maintenance at Decatur, Illinois, about a week after the accident and reported it. On October 18, 1940, a representative of the Division of Highways visited the claimant's home and discussed the accident with claimant. As all the provisions of Section 24 of the Workmen's Compensation Act have been complied with, this court has jurisdiction.

The evidence clearly shows that the accident arose out of and in the course of claimant's employment.

Claimant takes the position that the temporary total disability still continues, and respondent claims that it ceased on or before September 5, 1941. Dr. Stuart Wood, who testified in behalf of claimant, stated that he examined claimant on September 17, 1941, and that he had a "very slight disability with reference to light work that does not involve much bending." Dr. John E. Madden was asked on direct examination on September 5, 1941—

Q. "The injury that you have described as you found it in your judgment, would incapacitate a person for approximately what period?"

A. "Sometimes to a year at least, and in some cases not quite so long."

Dr. Clyde H. Tearnan, testifying on the same date, was asked—

Q. "The injury as revealed in the picture of November in your judgment would ordinarily incapacitate a person for how long approximately?"

A. Well, six months to a year, six months is rather a minimum."

Dr. Henry B. Thomas, who testified on behalf of respondent, stated that he examined claimant on December 18, 1941, and that he could do light work. Claimant also testified that his wife was employed; that since the accident he has helped her clean house; helped do the family washing; and gets the meals.

From all the evidence, this court is of the opinion that the position taken by respondent, that the period of temporary total disability ended on September 5, 1941, is reasonable, and the court so finds.

Claimant also seeks to recover for permanent partial disability; also a pension. Claimant testified that for some years prior to the accident he had no regular employment; but did some janitor work which did not involve heavy lifting, cleaned wall paper, and did odd jobs.

The evidence would indicate that claimant was partially disabled after September 5, 1941, but that there should be no permanent disability. There is, however, nothing in the evidence on which this court could base an award for partial disability, and this part of the claim is therefore denied.

Claimant is entitled to compensation for temporary total disability from September 24, 1940, to and including September 5, 1941, which is a period of 49 3/7 weeks. He earned Fifty Cents ($.50) an hour, eight (8) hours a day, but as em-

ployees in similar capacities worked less than two hundred (200) days a year his compensation will be based on compensation of Eight Hundred Dollars ($800.00) annually. This would make his average weekly wage $15.38 and he would be entitled to 55% of this, or $8.46 per week. As claimant had one child under the age of 16 years at the time of the accident this weekly compensation would be increased to $11.00 per week under Sub-section (j) of Section (8), and he is therefore entitled to this amount for 49 3/7 weeks, or the sum of $543.71 for temporary total disability.

The evidence also shows that claimant incurred the following obligations: Hospital services $124.50, medical services $16.00, x-rays $30.00—a total of $170.50.

Respondent, in its brief, states that the evidence also shows that claimant expended $200.00 for necessary braces but this court can find nothing in the evidence to substantiate this statement.

An award is therefore entered in favor of claimant for the sum of Seven Hundred Fourteen and 21/100 Dollars ($714.21), being $543.71 for temporary total disability and $170.50 reimbursement for funds expended for hospital services, medical services and x-rays; all of which has accrued and is payable forthwith.

This award being subject to the provisions of an Act entitled, "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," approved June 30, 1941, and being by the terms of such Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the Road Fund in the manner provided for in such Act.